[Cite as *State v. Rothenbuhler*, 2016-Ohio-2869.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-15-008

    Appellee                                   Trial Court No. 14CR000147

v.

Ricky G. Rothenbuhler                       **DECISION AND JUDGMENT**

    Appellant                                  Decided:  May 6, 2016

* * * * *

Stephen T. Wolfe, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Ricky G. Rothenbuhler, appeals from his conviction in the Williams County Court of Common Pleas on one count of rape and one count of failing to notify change of address.  For the following reasons, we affirm.

**{¶ 2}** Appellant's appointed counsel has filed an appellate brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The U.S. Supreme Court in *Anders* held that if counsel, after a thorough review of the record, finds any appeal will be frivolous, he or she may file an appellate brief with proposed assignments of error and a motion to withdraw. *Id*. Counsel should furnish the brief to his or her client and give the client sufficient time to raise any other matters he or she may choose. *Id*. The appellate court must then review the entire record to determine if the appeal is indeed frivolous. If the appeal is deemed frivolous, the appellate court may grant counsel's request to withdraw and dismiss the appeal or may proceed to the merits of the appeal as necessary. *Id.*

**{¶ 3}** In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders*, *supra*. This court further notes that appellant did not file a pro se brief on his own behalf in this appeal. Appellee filed no responsive brief.

**{¶ 4}** Counsel submitted two potential assignments of error:

I. There was no factual basis presented upon which the trial court could properly make a finding of guilt.

II. The trial court erred by imposing consecutive sentences without making the necessary findings under R.C. 2929.14(C)(4).

**{¶ 5}** In his first potential assignment of error, appellant's counsel contends there was no factual basis presented to support the court's guilty findings.

2.

{¶ 6} Appellant pled guilty to both charges. A trial court is not required pursuant to Crim.R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing. "Implicit within Crim.R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges." *State v. Snuffer*, 8th Dist. Cuyahoga Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430, ¶ 10, citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. The first potential assignment of error is found not well-taken.

{¶ 7} Appellant was sentenced to 9 years in prison for rape and 2 years in prison for failing to notify, for a total of 11 years in prison. In his second potential assignment of error, appellant's counsel contends that the trial court erred by imposing consecutive sentences without making the necessary findings under R.C. 2929.14(C)(4).

{¶ 8} In accordance with R.C. 2929.14, a trial court may impose consecutive sentences if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

3.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001). According to the Ohio Supreme Court, however, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 10} In addition, the trial court must both (1) make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and (2) incorporate those findings into its sentencing entry. *Id*. at syllabus. "[B]ecause a court speaks through its journal," the trial court should "incorporate its statutory findings into the sentencing entry." *Id*. at ¶ 29.

4.

**{¶ 11}** We have held that while the trial court need not quote the statute verbatim, the sentencing entry must include findings "(1) that the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and (3) that one of the circumstances listed in R.C. 2929.14(C)(4)(a)-(c) applies." *State v. Long,* 6th Dist. Wood No. WD-14-042, 043, 2015-Ohio-920, ¶ 8, quoting *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10.

**{¶ 12}** *Bonnell* plainly requires that the findings be incorporated into the sentencing entry itself. *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-383, ¶ 8. *Accord State v. Payne,* 6th Dist. Lucas No. L-13-1025, 2014-Ohio-1147.

**{¶ 13}** In both the sentencing hearing and the sentencing judgment entry, the trial court in this case made the proper R.C. 2929.14 findings to support appellant's consecutive sentences. The second potential assignment of error is found not well-taken.

**{¶ 14}** Based on the record, this court agrees with appellant's counsel that this appeal is without merit. Based on our independent review of the record, it is appropriate to conclude that there is no other ground upon which a meritorious appeal can be made. Thus, this appeal is without merit and wholly frivolous. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel's motion to withdraw is granted.

**{¶ 15}** The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is

5.

ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                        JUDGE

Arlene Singer, J.            

                                              _____
Stephen A. Yarbrough, J.                      JUDGE
CONCUR.

                                              _____
                                                        JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.