[Cite as *State v. Seals*, 2018-Ohio-2028.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1177

       Appellee                              Trial Court No. CR0201302196

v.

Sequoia Seals                              **DECISION AND JUDGMENT**

       Appellant                             Decided:  May 25, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Sequoia Seals, appeals the June 19, 2017 judgment of the Lucas County Court of Common Pleas which, following appellant's admission to a community control violation, sentenced him to three years of imprisonment.  For the reasons that follow, we affirm, in part, and reverse, in part.

**{¶ 2}** This case stems from a burglary on July 12, 2013, in Toledo, Lucas County, Ohio. Appellant was indicted on July 22, 2013, on one count of burglary, R.C. 2911.12(A)(2), (D), a second-degree felony. On September 3, 2013, appellant entered a guilty plea to a third-degree felony count of burglary, R.C 2911.12(A)(3), (D). The sentencing hearing was held on September 17, 2013, and appellant was placed on three years of community control with various requirements including drug and alcohol treatment and random drug testing. He was notified that if he violated the terms of community control he would be sentenced to 36 months of imprisonment. The judgment entry was journalized on September 18, 2013.

**{¶ 3}** On February 10, 2014, appellant was found to have violated the terms of community control; however, community control was continued. In April 2015, appellant violated the terms of community control and it was extended to September 17, 2017. In July 2016, appellant violated the terms of community control; the matter was transferred to drug court in October 2016, and community control was extended to September 17, 2018.

**{¶ 4}** On June 15, 2017, appellant was unsuccessfully terminated from drug court and sentenced to his original, 36-month prison term. The judgment entry was journalized on June 19, 2017, and this appeal followed.

**{¶ 5}** Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel for appellant asserts that after a conscientious examination of the record,

2.

he has concluded that the trial court did not commit any error prejudicial to appellant. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.* Appellant has not filed a brief.

{¶ 6} Consistent with *Anders*, counsel for appellant has asserted two potential assignments of error:

> First Potential Assignment of Error: Appellant's sentence should be vacated based on the trial court's failure to comply with R.C. 2929.11 and 2929.12.

> Second Potential Assignment of Error: The trial court committed prejudicial error by imposing costs without consideration of appellant's ability to pay.

{¶ 7} Appellant's counsel's first potential assignment of error is that his sentence is contrary to law because the trial court failed to comply with R.C. 2929.11 and 2929.12, which serve as "an overarching guide for trial judges to consider in fashioning an

3.

appropriate sentence." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17.

{¶ 8} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, this court recognized that the abuse of discretion standard in *Kalish*, though no longer controlling, can still provide guidance for determining whether a felony sentence is clearly and convincingly contrary to law. *Id.* at ¶ 15. *Kalish* determined that a sentence was not clearly and convincingly contrary to law where the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied postrelease control, and had imposed a sentence within the statutory range. *Id.*; *Kalish* at ¶ 18.

{¶ 9} In sentencing appellant, the trial court stated at the June 15, 2017 sentencing hearing that it considered the record in the case, the presentence investigation report, the oral statement provided to the court, and the victim statement. The court then stated that it considered the principles and purposes of felony sentencing and found that appellant could continue on community control. As additional terms, he ordered that appellant serve 180 days in the Correctional Treatment Facility and then serve 90 days on electronic monitoring. Appellant then stated that he did not wish to enter the treatment facility and would rather be sent to jail.

{¶ 10} The court again indicated that it considered the purposes of sentencing and imposed the maximum sentence of 36 months of imprisonment. Appellant was also given postrelease control and appeal notifications. The court's June 19, 2017 judgment

4.

entry reflected these findings and specifically referenced R.C. 2929.11 and 2929.12. Further, as set forth above, at appellant's initial, 2013 sentencing hearing he was informed that if he violated the terms of community control he would be sentenced to 36-months of imprisonment. Appellant indicated that he understood.

{¶ 11} Based on the foregoing, we find that the trial court complied with the felony sentencing statutes in sentencing appellant to a maximum, 36-month sentence. Accordingly, appellant's counsel's first potential assignment of error is not well-taken.

{¶ 12} In appellant's counsel's second potential assignment of error, he contends that the trial court erred by failing to make specific findings regarding appellant's ability to pay costs of prosecution, appointed counsel, or confinement.

{¶ 13} With regard to the costs of prosecution, R.C. 2947.23(A)(1)(a) provides that the trial court shall include in every sentencing judgment the costs of prosecution without consideration of whether the defendant has the ability to pay such costs. *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. A defendant has the ability to file a motion for waiver of payment of the court costs; the trial court has the discretion to waive payment of court costs. R.C. 2949.092; *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11. R.C. 2947.23(C) provides that the trial court retains jurisdiction to address the waiver, suspension, or modification of the payment of the court costs. Thus, at the time of sentencing appellant need not have moved for waiver of the payment of costs. *State v. Farnese*, 4th Dist. Washington No.

5.

15CA11, 2015-Ohio-3533, ¶ 12-16.  Accordingly, we find that the trial court did not err by imposing the costs of prosecution.

{¶ 14} Unlike the costs of prosecution, the imposition of the costs of confinement and appointed counsel are premised on a finding of a defendant's present or future ability to pay.  *State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 24, citing R.C. 2929.18(A)(5)(1)(ii) and 2941.51(D).  Such a finding need not be made at a formal hearing, but the record must contain some evidence that the court considered the defendant's ability to pay.  *Id.*, citing *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

{¶ 15} The record here is devoid of evidence showing that the trial court considered appellant's ability to pay or made a finding that appellant has, or reasonably will have, the ability to pay before imposing the costs of confinement and appointed counsel.  At the sentencing hearing, the court merely stated that appellant was "ordered to pay the applicable costs of th[e] prosecution."

{¶ 16} Absent such evidence, the record does not support the trial court's statement in the sentencing judgment entry that "[d]efendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution * * *."  Thus, we find that the imposition of the costs of confinement and appointed counsel are contrary to law.  Accordingly, we find appellant's counsel's second potential assignment of error well-taken, and we vacate that portion of the judgment entry.

6.

{¶ 17} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The portion of the court's June 19, 2017 judgment entry requiring appellant to pay the costs of his confinement and appointed counsel is vacated. The judgment of conviction is affirmed in all other respects. Appointed counsel's unopposed motion to withdraw is granted. Appellant and appellee are ordered to equally pay the costs of this appeal pursuant to App.R. 24(A). The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                     _____
                                                      JUDGE

Thomas J. Osowik, J.

                                    _____
James D. Jensen, J.                                            JUDGE
CONCUR.

                                    _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.