[Cite as *State v. Wymer* , 2019-Ohio-1563.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals Nos. L-18-1108

        Appellee                                 Trial Court Nos.  CR0200203571

v.

Robert C. Wymer                               **DECISION AND JUDGMENT**

        Appellant                               Decided:  April 26, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Robert Wymer, appeals the judgment of the Lucas County Court of Common Pleas, following a resentencing hearing, which ordered him to serve a total sentence of 24 years to life in prison.  For the reasons that follow, we affirm, in part, and reverse, in part.

## I.  Facts and Procedural Background

{¶ 2} On March 31, 2003, appellant was found guilty by a jury of two counts of murder, with firearm specifications, and one count of felonious assault, with a firearm specification, stemming from his conduct wherein he fired multiple shots into the door of a bar, killing one person and injuring another.  On April 15, 2003, the trial court sentenced appellant to two concurrent indefinite prison terms of 15 years to life on the counts of murder, and ordered those sentences served consecutively to a six-year prison term on the count of felonious assault as well as the three-year mandatory prison term for the firearm specification.  Thus, the aggregate prison sentence totaled 24 years to life.

{¶ 3} Appellant appealed his conviction and sentence.  On April 15, 2005, we affirmed the findings of guilt, but reversed and remanded the matter for resentencing because although the trial court found that the two counts of murder merged, it nonetheless imposed a sentence on each count.  *State v. Wymer*, 6th Dist. Lucas No. L-03-1125, 2005-Ohio-1775, ¶ 42-43.  Appellant appealed our decision to the Ohio Supreme Court.  On May 3, 2006, the Ohio Supreme Court reversed our decision and remanded the matter to the trial court for resentencing in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 61.

{¶ 4} For reasons unknown, appellant was not resentenced until April 13, 2018, after he filed a pro se motion for resentencing.  At the resentencing hearing, appellant spoke in mitigation, and requested the court to consider that he has been doing well at the prison, but that certain school, drug treatment, and behavioral programming is

2.

unavailable to him because he still has nine years left to serve, and openings for the programs are prioritized among the inmates by release date. Appellant thus urged the court to order the felonious assault sentence to run concurrently with his sentence for murder. The state, for its part, did not make any arguments at the resentencing hearing.

{¶ 5} After hearing appellant's arguments, the trial court stated that it reviewed the file and the decisions from appellant's direct appeal and Ohio Supreme Court review, and that it "considered the record, oral statements, any victim impact statement, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors under [R.C.] 2929.12." The court found that the two counts of murder merged, and proceeded to sentence appellant to 15 years to life in prison on the first count. The court then ordered appellant to serve six years in prison on the felonious assault count, and three years in prison for the gun specification. The court ordered those sentences to run consecutively for a total prison term of 24 years to life. In ordering consecutive sentences, the trial court found that consecutive sentences were necessary to protect the public from future crime or to punish appellant, that they were not disproportionate to the seriousness of appellant's conduct or the danger that appellant poses, that the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflected the seriousness of appellant's conduct, and that appellant's criminal history requires consecutive sentences.

3.

## II. Assignments of Error

{¶ 6} Appellant has timely appealed the trial court's April 13, 2018 judgment memorializing his sentence, and now asserts two assignments of error on appeal:

> 1.  The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to twenty four years to life in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.
>
> 2.  The trial court committed error to the prejudice of Appellant by imposing the costs of prosecution without consideration of Appellant's present or future ability to pay.

## III. Analysis

{¶ 7} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds:  * * * (b) That the sentence is otherwise contrary to law."

{¶ 8} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish*, held that where the trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in

4.

R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 9} Here, appellant concedes that his sentence is within the statutory range, and there is no suggestion that postrelease control was improperly applied. Appellant argues, however, that the trial court failed to consider the proper sentencing criteria by not giving weight to appellant's efforts to engage in programming in prison. He further contends that the six-year prison term on the count of felonious assault violated the purpose in R.C. 2929.11(A) to use the minimum sanctions necessary to punish the offender and protect the public from future crime. Thus, appellant concludes that his sentence was contrary to law. We disagree.

{¶ 10} In this case, the trial court expressly stated that it considered the provisions in R.C. 2929.11 and 2929.12. We recognize that it is up to the discretion of the individual decision-maker "to determine the weight to assign a particular statutory factor." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Moreover, the trial court "is not required to state the specific statutory factors in R.C. 2929.11 and 2929.12 on which it relied." *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 14. Here, the statements from the trial court demonstrate that it considered R.C. 2929.11 and 2929.12 as required. Therefore, we hold that appellant's sentence is not clearly and convincingly contrary to law.

{¶ 11} Accordingly, appellant's first assignment of error is not well-taken.

5.

{¶ 12} In his second assignment of error, appellant argues that the trial court erred when it imposed the costs of prosecution, court-appointed counsel, and confinement.

{¶ 13} As to the costs of prosecution, R.C. 2947.23(A)(1)(a) requires that "In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." While, as recognized in *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14, a trial court has discretion to waive the payment of court costs if the defendant is indigent, appellant did not move the court for such a waiver. Thus, the trial court did not err in imposing the costs of prosecution.[1]

{¶ 14} Unlike the costs of prosecution, imposition of the costs of appointed counsel and confinement must be conditioned upon appellant's ability to pay. *State v. Seals*, 6th Dist. Lucas No. L-17-1177, 2018-Ohio-2028, ¶ 14. Specifically, R.C. 2941.51(D) provides, "[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Likewise, R.C. 2929.18(A)(5)(a)(ii) authorizes as a financial sanction, "All or part of the costs of confinement * * * provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is

---

[1] Notably, R.C. 2947.23(C) states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*." (Emphasis added.) Thus, appellant, if he so chooses, may still move the court to waive its imposition of the costs of prosecution. *See State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263-265.

6.

able to pay as determined at a hearing and shall not exceed the actual cost of the confinement." We have held that although a formal hearing is not required, "the court must enter a finding that the offender has the ability to pay and that determination must be supported by clear and convincing evidence of record." *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 14, citing *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 80.

{¶ 15} Here, the trial court did not mention any of the costs during the sentencing hearing, but included in its sentencing entry that "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." Appellant argues that given his lengthy sentence, there is nothing in the record showing that the court considered his present or future ability to pay the costs of appointed counsel or confinement. We agree. Appellant has already served 16 years in prison, and has another eight years to life before he is released. Further, there is nothing from the limited resentencing hearing that demonstrates his level of education or his employment history. From this record, we fail to find any evidence that appellant has the ability to pay the costs of his appointed counsel or confinement. *See Maloy* at ¶15 (defendant does not have ability to pay where he did not finish high school, has never been gainfully employed, and will be incarcerated until he is 94 years old).

{¶ 16} Accordingly, that portion of appellant's second assignment of error pertaining to the imposition of the costs of appointed counsel and confinement is found well-taken.

7.

## IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The portion of the trial court's sentencing order requiring appellant to pay the costs of appointed counsel and his confinement is vacated. The remainder of the sentencing order is affirmed. The parties are ordered to evenly share the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed, in part
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.