[Cite as *State v. Morris*, 2020-Ohio-4248.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1252

    Appellee                                       Trial Court No. CR0201901052

v.

Bobbie Jo Morris                               **DECISION AND JUDGMENT**

    Appellant                                      Decided:  August 28, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Bobbie Jo Morris, appeals the judgment of the Lucas County
Court of Common Pleas, sentencing her to 60 months in prison after she pled guilty to
one count of felonious assault and one count of bribery.  Finding no error in the
proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On January 10, 2019, appellant, along with two co-defendants, were indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree, one count of abduction in violation of R.C. 2905.02(A)(1) and (C), a felony of the third degree, and one count of bribery in violation of R.C. 2921.02(C) and (G), a felony of the third degree. Additionally, firearms specifications were attached to the first three counts listed in the indictment (aggravated burglary, felonious assault, and abduction) pursuant to R.C. 2941.145(A), (B), (C), and (F).

{¶ 3} The foregoing charges stemmed from appellant's involvement in an assault of a female victim that occurred on January 1, 2019, in which the victim was kicked and punched in the face, dragged into her living room by her hair and slammed onto the floor, dragged into her hallway and again slammed onto the floor, stomped in the head, and finally dragged halfway down a flight of stairs. The assault resulted in injuries to the victim that included a fractured sacrum, several cuts and bruises, and the loss of two teeth. Following the assault, appellant communicated remorse to the victim and offered the victim $1,000 to drop the criminal charges against her.

{¶ 4} At her arraignment on February 5, 2019, appellant entered a plea of not guilty, and the matter proceeded to discovery and pretrial motion practice. On August 20, 2019, appellant appeared before the trial court for a change of plea hearing.

2.

Following successful plea negotiations, appellant agreed to plead guilty to Count 2 (felonious assault) and Count 4 (bribery) in exchange for the state's dismissal of the remaining charges and all firearm specifications.  After a Crim.R. 11 colloquy, the trial court accepted appellant's plea, ordered the preparation of a presentence investigation report, and continued the matter for sentencing.

{¶ 5} Appellant's sentencing hearing was held on October 1, 2019.  At the hearing, appellant accepted responsibility for her role in the assault and her attempt to bribe the victim following the assault.  Based upon appellant's cooperation in this case, and in light of the fact that appellant was not the individual who directly assaulted the victim, defense counsel argued in favor of a non-prison sanction.  However, the trial court was unpersuaded.  The court noted appellant's cooperation, but also highlighted appellant's criminal record, which consisted of 31 prior adult misdemeanor convictions and two prior adult felony convictions.  Further, the trial court voiced its concern about the severity of the facts of this case, stating:

> [T]he court in good [conscience] cannot leave you in this community based on the severity of these offenses.  But I will tell you that you have certainly gotten a benefit and a reduction in what your sentence would have been because of your cooperation.

As a result of the foregoing, the trial court ordered appellant to serve four years in prison for felonious assault and one year in prison for bribery, to be served consecutively for a total prison term of five years.

3.

{¶ 6} In rendering its sentence, the trial court stated that it "considered the record, oral statements, any victim impact statements, and PSI prepared, as well as the principles and purposes of sentencing under R.C. 2929.11. The court has balanced the seriousness and recidivism factors under 2929.12." Moreover, the trial court made the necessary findings to support the imposition of consecutive sentences under R.C. 2929.14, namely that consecutive sentences were necessary to protect the public from future crime and/or punish the defendant, that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct or the danger appellant poses to the public, that the offenses were committed as part of one or more courses of conduct, and that appellant's criminal history requires consecutive sentences. The court's findings under R.C. 2929.11, 2929.12, and 2929.14 were also embodied in its written sentencing entry.

{¶ 7} Following the trial court's imposition of sentence, appellant filed her timely notice of appeal.

## B. Assignments of Error

{¶ 8} On appeal, appellant asserts the following assignment of error:

Appellant's sentence should be vacated due to the Trial Court's failure to comply with the directives of R.C. 2929.11 and 2929.12.

## II. Analysis

{¶ 9} In her sole assignment of error, appellant challenges the propriety of her five-year prison sentence.

4.

{¶ 10} The review of felony sentences is governed under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 11} Relevant to appellant's argument in this case, we have previously stated that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

{¶ 12} Appellant does not challenge the trial court's technical compliance with R.C. 2929.11 and 2929.12. Indeed, the trial court expressly indicated its consideration of these statutory sections prior to imposing its sentence at the sentencing hearing, and again in its sentencing entry. Further, the trial court's sentence clearly falls within the statutory range for the applicable felony degrees at issue in this case. *See* R.C. 2929.14(A)

5.

(Establishing a maximum prison sentence of eight years and three years for felonies of the second and third degree, respectively).

{¶ 13} In her brief, appellant argues that her sentence is excessive because it fails to achieve the principles and purposes of sentencing set forth in R.C. 2929.11, and also challenges the weight that the court assigned to the various factors it was required to consider under R.C. 2929.12. Appellant supports her argument by referencing the fact that she suffers from a drug addiction that she has recently addressed, and also insists that the trial court did not weigh her remorse and cooperation heavily enough in fashioning its sentence.

{¶ 14} An appellate court may review a sentence imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 "under a standard that is equally deferential to the sentencing court." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Thus, we may vacate or modify the sentence only if we find by clear and convincing evidence that the record does not support the sentence. *Id.*

{¶ 15} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the

6.

offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 16} R.C. 2929.12 grants discretion to the trial court to determine the most effective way to comply with the purposes and principles of sentencing, and it lists general factors that the trial court must consider relating to the seriousness of the offender's conduct, the likelihood of recidivism, and, if applicable, the offender's service in the U.S. armed forces. R.C. 2929.12(A) also permits the court to "consider any other factors that are relevant to achieving those purposes and principles of sentencing." A sentencing court has "broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 18 (6th Dist.).

{¶ 17} At the sentencing hearing and in its judgment entry, the trial court expressly indicated its consideration of the principles and purposes of sentencing under R.C. 2929.11 and its balancing of the seriousness and recidivism factors under R.C. 2929.12. The court went on to explain the basis for its sentence, highlighting appellant's extensive criminal record and the seriousness of the crimes committed in this case, with a particular view to the physical injuries that the victim sustained as a result of the crimes. The sentencing transcript clearly demonstrates that the trial court took the seriousness and

7.

recidivism factors into consideration in fashioning a sentence that the trial court believed to be commensurate with the principles and purposes of felony sentencing. Further, "the trial court had full discretion to determine whether the mitigating factors of R.C. 2929.12(C) were outweighed by the seriousness of [appellant's] conduct," and the trial court "was not required to specify which statutory factors it relied upon." *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 16-17, citing *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 10.

{¶ 18} As we already stated in *Polley*, "we may not substitute our judgment for that of the trial judge even if a different judge may have weighed the statutory factors differently." *Id.* at ¶ 18, citing *State v. Irwin*, 8th Dist. Cuyahoga No. 108099, 2019-Ohio-4462, ¶ 15. The trial court imposed a sentence that falls within the statutory range for felonies of the second and third degree, and indicated and explained its evaluation of R.C. 2929.11 and 2929.12 in imposing appellant's sentence. Therefore, we find that appellant's sentence was not contrary to law under R.C. 2953.08(G)(2)(b). Accordingly, we find appellant's assignment of error not well-taken.

### III. Conclusion

{¶ 19} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.