[Cite as *State v. Burton*, **2023-Ohio-1596.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                              Court of Appeals No.  L-22-1105

      Appellee                                        Trial Court No. CR0202101931

v.

Shasta Burton                                        **DECISION AND JUDGMENT**

      Appellant                                        Decided:  May 12, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.


* * * * *

**DUHART, J.**

**{¶ 1}** This is a delayed appeal filed by appellant, Shasta Burton, from the March 2,

2022 judgment of the Lucas County Court of Common Pleas.  For the reasons that

follow, we affirm.

**{¶ 2}** Appellant sets forth three assignments of error:

1. The trial court committed error by finding appellant guilty without a factual basis established supporting the crime.

2. The trial court committed error by accepting appellant's plea, where his plea could not have been made knowingly or intelligently.

3. The trial court committed error by imposing sanctions, fines and/or costs on appellant, where the record does not support such imposition.

## Facts

**{¶ 3}** On June 24, 2021, appellant was indicted on three charges: felonious assault in violation of R.C. 2903.11(A)(2) and (D), a first degree felony, with a firearm specification in violation of R.C. 2941.145(A), (B), (C) and (F); discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(2), a third degree felony, with a firearm specification in violation of R.C. 2941.145(A), (B), (C) and (F); and receiving stolen property in violation of R.C. 2913.51(A) and (C), a fourth degree felony, with a firearm specification in violation of R.C. 2941.141(A), (B), (C) and (F).

**{¶ 4}** On January 13, 2022, appellant executed a plea form and entered a plea of guilty to felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the first degree, with a one-year firearm specification in violation of R.C. 2941.141(A), (B), (C) and (F). The trial court accepted the guilty plea and found appellant guilty.

2.

**{¶ 5}** On February 7, 2022, appellant was sentenced to a minimum prison term of three years and a maximum indefinite prison term of four and one-half years.

**{¶ 6}** Appellant appealed, seeking to have his sentence vacated.

**{¶ 7}** We will examine appellant's first and second assignments of error together.

### First Assignment of Error

**{¶ 8}** Appellant argues "it was contrary to law and plain error where the trial court failed to require a factual basis demonstrating the elements of felonious assault because appellant protested his innocence [at sentencing]." He contends there was never a factual basis asserted by the state, no recitation of facts by the state and no other clear indication as to what the evidence would have demonstrated at trial. He asserts that the state, at the plea hearing, "never provided a factual basis, despite discussing the charges of the indictment, the amendments of the indictment, and the recommendation of sentence for purposes of judicial release."

**{¶ 9}** Appellant submits his counsel, at sentencing, was the only person to present a slight recitation of the facts, and the factual basis provided by his counsel did not support that appellant committed felonious assault, and the state never supplemented the record with additional facts to demonstrate that he committed the alleged crime. He cites to *In re R.W.*, 8th Dist. Cuyahoga No. 91923, 2009-Ohio-1255, in support of his argument that the elements of felonious assault are not met when warning shots are fired in the air.

3.

{¶ 10} The state counters appellant's guilty plea provided the necessary proof of the elements of the crime, thus the trial court was relieved of its responsibility to determine whether a factual basis existed to support the plea.

## Second Assignment of Error

{¶ 11} Appellant argues the trial court erred by accepting his "plea of guilt as knowing and intelligent, where no basis supported the crime alleged in the indictment." He asserts the plea he entered was not knowing and intelligent because he clearly did not have an understanding of the nature of the charge. Appellant contends had the state provided a factual basis to support the crime, he would not have pleaded guilty because his actions could never have amounted to felonious assault. In support, he cites to *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475 (2d Dist.) and *State v. Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904.

## Law

### *Guilty Pleas*

{¶ 12} Crim.R. 11 provides, in pertinent part:

(B) Effect of Guilty * * *Pleas. With reference to the * * * offenses to which the plea is entered:

(1) The plea of guilty is a complete admission of the defendant's guilt.

* * *

(C) Pleas of Guilty * * * in Felony Cases.

* * *

(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges * * *.

{¶ 13} "A trial court is not required pursuant to Crim.R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing." *State v. Rothenbuhler*, 6th Dist. Williams No. WM-15-008, 2016-Ohio-2869, ¶ 6. "'Implicit within Crim.R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges.'" (Citation omitted.). *Id. See also State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus.

{¶ 14} Prior to accepting a guilty plea, a trial court is not obligated to engage in a detailed recitation of the elements of the charges in order to ensure a defendant understands the nature of those charges. *State v. Deeb*, 6th Dist. Erie No. E-12-052, 2013-Ohio-5175, ¶ 17, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 57. The Supreme Court of Ohio, in *Fitzpatrick*, explained:

[T]he Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused.

*See Henderson* [*v. Morgan*], 426 U.S. [637] at 647, 96 S.Ct. 2253, 49

L.Ed.2d 108 [(1976)]. *See* 5 LaFave, Israel & King, Criminal Procedure

(2d Ed.1999) 164, Section 21.4(c). "Apart from the small class of rights

that require specific advice from the court under Rule 11(c), it is the

responsibility of defense counsel to inform a defendant of * * * the

attendant statutory and constitutional rights that a guilty plea would forgo."

*Libretti* [*v. United States*], 516 U.S. [29] at 50-51, 116 S.Ct. 356, 133

L.Ed.2d 271 [(1995)].

*Fitzpatrick* at ¶ 57. In determining whether a defendant understood the nature of the charge, the appellate court considers the totality of the circumstances. *Deeb* at ¶ 17.

*Case Law Cited by Appellant*

{¶ 15} In *In re R.W.*, 8th Dist. Cuyahoga No. 91923, 2009-Ohio-1255, R.W., a juvenile, was charged with two counts of felonious assault, each with firearm specifications, after he stood outside of a home with people inside, pointed a gun straight up in the air and fired it four or five times. *Id.* at ¶ 2, 3. An adjudicatory hearing was held and the court found R.W. delinquent of the two charges. *Id.* at ¶ 2, 7. R.W. appealed.

{¶ 16} The appellate court found the state failed to produce sufficient evidence that R.W. knowingly attempted to cause physical harm to the people in the home. *Id.* at ¶ 23. The court reasoned "[a]lthough bullets shot in the air will obviously come down

6.

somewhere, [the two people] could not have been injured when the bullets came down. As there was no risk of injury to the victims alleged in the indictment, R.W. did not knowingly attempt to cause them physical harm when he fired his gun into the air." *Id.* at ¶ 21.

{¶ 17} In *Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, ¶ 30, the Second District Court of Appeals set forth:

> Even though the State is not required to articulate the factual basis for a felony guilty plea, we have found that a defendant's guilty plea may be "rendered less than knowing, intelligent, and voluntary" if the State voluntarily undertakes to provide a statement of the underlying facts that is deficient as to some element of the offense, and the defendant's trial attorney advises the defendant to plead guilty despite that deficiency. *See Riddle*[, 2017-Ohio-1199, 88 N.E.3d 475] at ¶ 39-40.

**Appellant's Plea Form**

{¶ 18} The Plea of Guilty form, signed by appellant and his counsel on January 13, 2022, provides in pertinent part:

> I withdraw my former not guilty plea and enter a plea of GUILTY to:
>
> * * *
>
> **Offense & R.C. Section & Degree**

Felonious Assault With 1 Year Firearm Specification, R.C.

290[3].11(A)(2)(D) & 2941.141(A), (B), (C), and (F)[,] Felony of the 1st

Degree

* * *

**Possible Fine**

$20,000.00

* * *

**Voluntary Plea**

The charges have been explained to me by my attorney and the Court.  I

understand the nature of the changes and the possible defenses I might

have.  I am satisfied with my attorney's advice, counsel and competence.  *

* * I enter this plea voluntarily.

## Plea Hearing

{¶ 19} At appellant's change of plea hearing, the following colloquy took place, in

pertinent part:

THE COURT: * * *[S]tate your name for the record[.]

THE DEFENDANT:  Shasta Burton.

THE COURT: And how old are you?

THE DEFENDANT: 42 years old.

THE COURT: * * * How far did you go in school?

8.

THE DEFENDANT: Sophomore in college.

THE COURT: * * * So you can read, write, and understand the English language as you and I are speaking it?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: All right. Now, the State of Ohio did read into the record the plea agreement, that you would plea to that felonious assault in Count 1, but with a one-year gun specification * * *. So you're looking then at a first degree felony and a one-year gun specification. Is that your understanding?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: I'm going to ask you a little bit about [your counsel,] Mr. Thebes. Are you satisfied with his representation of you in this matter?

THE DEFENDANT: Yes.

THE COURT: Has he answered all your questions?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has he reviewed everything with you, the discovery, the indictment, any other legal documents that have come through?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Do you understand the allegations for which you're charged * * *?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that if you enter a plea of guilty to this offense, you're making a complete admission that you did it?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Do you have any questions about anything?

THE DEFENDANT: No, ma'am.

THE COURT: All right. The Court does find that the defendant has been informed of all his constitutional rights, he understands the nature of the charge, the effect of the plea * * *[.]

**Analysis**

{¶ 20} Upon review, the record shows that shortly after appellant was indicted, counsel was appointed to represent him. That same counsel represented appellant throughout the trial court proceedings, which included appellant executing the plea form, the change of plea hearing and the sentencing hearing.

{¶ 21} We observe that appellant's written plea form and the plea colloquy at the hearing contained acknowledgements by appellant that his counsel had reviewed or explained the charge, and appellant understood the charge. In addition, at the plea

hearing, appellant acknowledged that he could read, write and understand English, and he expressed his satisfaction with his counsel's representation. Prior to accepting the plea, the trial court asked appellant why he was entering a plea of guilty, and appellant responded, "I did commit the act, Your Honor." The court also asked appellant if he had any questions about anything; appellant replied he did not. The court accepted appellant's guilty plea.

{¶ 22} We find, after considering the totality of the circumstances, that appellant pled guilty with an understanding of the nature of the charge against him. Although a statement of facts was not presented at the plea hearing, a trial court is not required to set forth any factual basis for a guilty plea at a plea hearing. *See Rothenbuhler*. Moreover, there is nothing in the record to indicate that appellant, at any time, was confused or had a misunderstanding of the nature of the charge. We further find the case law upon which appellant relies is distinguishable: *In re R.W.* did not involve a guilty plea; and in *Riddle* and *Davis*, the state offered voluntary statements of the facts, which were deficient as to some elements of the offenses.

{¶ 23} We therefore conclude the trial court did not err by finding appellant guilty without a factual basis established supporting the charge, as no factual basis was required. We further conclude the trial court did not err by accepting appellant's guilty plea, as the record reveals the plea was made knowingly and intelligently. Accordingly, appellant's first and second assignments of error are not well-taken.

11.

**Third Assignment of Error**

{¶ 24} Appellant asserts the trial court erred by imposing sanctions, fines and/or costs, where the record does not support such imposition. He contends there is no evidence in the record which clearly demonstrates he had or has the ability to pay the fees, costs and fines imposed by the trial court. Appellant claims at the sentencing hearing, there was no mention of his level of education or employment history, but he did reveal his financial struggles have kept him in a bad neighborhood, and that he supports his daughter, who lost her mother.

**Standard of Review**

{¶ 25} Our standard of review is whether the imposition of costs and financial sanctions was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Ivey*, 6th Dist. Lucas No. L-19-1243, 2021-Ohio-2138, ¶ 7. An appellate court cannot modify a financial sanction unless that court finds, by clear and convincing evidence, that the imposition of the financial sanction is not supported by the record or is contrary to law. *Id.*

**Law**

{¶ 26} The imposition of the costs of prosecution by the trial court is mandatory. R.C. 2947.23(A)(1)(a) ("In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs.").

12.

**{¶ 27}** The trial court's imposition of the costs of supervision, confinement and appointed counsel is discretionary. *Ivey* at ¶ 8, citing *State v. Gray*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 20. If a trial court elects to impose these costs, the court must affirmatively find the defendant has, or reasonably may be expected to have, the ability to pay. *Ivey* at ¶ 8; *Gray* at ¶ 21. The trial court is not required to explicitly make findings as to the defendant's ability to pay on the record. *See State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 2; *Ivey* at ¶ 8. However, the trial court's finding concerning the defendant's ability to pay must be supported by clear and convincing evidence in the record. *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14; *Ivey* at ¶ 8.

**{¶ 28}** If the appellate record does not include evidence reflecting the trial court's consideration of the defendant's present or future ability to pay discretionary costs, the imposition of these costs is improper and must be vacated. *Ivey* at ¶ 8. On the other hand, if the record indicates that the trial court considered a presentence investigation report ("PSI"), which contains information about the defendant's financial, educational, and employment background, this is sufficient to support the trial court's imposition of discretionary costs. *Id.*

### Analysis

**{¶ 29}** Upon review, at appellant's sentencing hearing, the trial court expressly stated it "considered the record, the oral statements, * * * and the PSI prepared," it

13.

"considered defendant's present and future ability to pay," it "does find the defendant may be expected to have the means to pay all or part of the cost of supervision, confinement, and prosecution as authorized by law. * * * Defendant further ordered to pay the costs pursuant to [R.C.] 2947.23 [prosecution costs], 2929.18 [financial sanctions], 2951.021 [supervision fees] and 9.92(c)." No fine was levied.

{¶ 30} The PSI referenced by the trial court includes information about appellant's age, marital status, education, employment and past wages, which is sufficient to support the trial court's finding that appellant may be expected to have the means to pay all or part of the costs of supervision and confinement.

{¶ 31} We conclude the trial court's finding concerning appellant's ability to pay the costs of supervision and confinement is supported by clear and convincing evidence in the record. We further conclude the trial court's imposition of these discretionary costs is not contrary to law. Accordingly, appellant's third assignment of error is not well-taken.

## Conclusion

{¶ 32} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

14.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.       _____
                JUDGE

Gene A. Zmuda, J.

                _____
Myron C. Duhart, P.J.        JUDGE
CONCUR.

                _____
                JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.