**[Cite as *State v. De La Rosa*, 2025-Ohio-2418.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1148

    Appellee                                       Trial Court No.  CR0202302845

v.

Jesus De La Rosa                                **DECISION AND JUDGMENT**

    Appellant                                     Decided:  July 8, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the judgment of the Lucas

County Common Pleas Court, sentencing appellant, Jesus De La Rosa, to a prison term of

54 months and ordering appellant to pay applicable costs of prosecution, supervision, and

confinement, after considering appellant's present and future ability to pay costs. Because

the appellee, state of Ohio, concedes error under 6th Dist.Loc.App.R. 10(H) as to costs of

supervision only, and we agree that the imposition of costs of supervision is improper, we vacate that portion of the judgment. As to the remainder of the judgment, we find no error and affirm.

## II. Facts and Procedural Background

{¶ 2} On November 30, 2023, the state indicted appellant with a single count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree. The state alleged that on or about November 23, 2023, in Lucas County, appellant knowingly engaged in sexual conduct with a minor, knowing the minor was 13-16 years of age and appellant was more than 10 years older than the minor.

{¶ 3} Appellant first met the victim online, playing Fortnite with his own children and the victim, in the summer of 2023. The victim was related to appellant by marriage, through her stepmother. By September 2023, appellant and the victim were gaming and privately Facetiming with each other, but these activities ended when the victim's father learned of the contact. The father confiscated the victim's phone and deleted her Fortnite account.

{¶ 4} After contact with the victim ceased, appellant moved his wife and children to Fremont, Ohio, where his wife had family. Soon after moving, however, appellant left his family and moved to an apartment in Toledo, near the victim. After many attempts to be with the victim, which her father rebuffed, appellant took a ladder to the victim's house around 1:00 a.m. on Thanksgiving morning and climbed into the victim's bedroom. When the father returned home from work around 3:00 a.m., he saw the ladder and

2.

discovered appellant in the victim's bedroom, pants down. The father chased appellant out the window and called police. The victim went to the hospital for examination and treatment.

{¶ 5} On November 30, 2023, appellant was indicted and a warrant issued for his arrest. On December 1, 2023, police located appellant sleeping in his vehicle with a ladder strapped to the roof, and they took him into custody. Appellant admitted to police that he engaged in vaginal intercourse with the victim.

{¶ 6} Appellant was arraigned and entered a not guilty plea on December 5, 2023. The trial court determined appellant was indigent and appointed counsel to represent him. On January 30, 2024, the trial court referred appellant for a competency evaluation at appellant's request and continued the matter for potential competency hearing on March 19, 2024.

{¶ 7} On March 19 and March 21, 2024, the trial court held pretrial hearings, and at appellant's request, continued the matter each time.

{¶ 8} On April 4, 2024, appellant appeared for a plea hearing, withdrew his previous not guilty plea, and entered a plea of guilty to the indictment. The trial court accepted the plea and found appellant guilty, and continued the matter for a presentence investigation report, scheduling a sentencing hearing on April 18, 2024.

{¶ 9} At sentencing, appellant's trial counsel provided the trial court with information on appellant's mental health treatment, and indicated appellant's mental health condition and other circumstances were "not severe enough" for ACT program

3.

eligibility, the county-based placement that appellant sought to obtain. Trial counsel argued in favor of a community control sanction with conditions for mental health treatment, suggesting appellant's offense resulted from his mental illness, and further indicated that appellant's mental health decline was recent and sudden, he was responding well to medication, and "[he] has by and large been a working person [and] has a place to live."

{¶ 10} Appellant also addressed the trial court, expressing his apologies and regret. Appellant told the trial court that he wished to "do better," finish his college education, and get "right with my kids" and provide for them. He also stated that "this will not happen again."

{¶ 11} The state outlined the facts underlying the offense, and presented victim impact statements, emphasizing appellant's conduct in grooming a 13-year-old child, much younger than appellant's 34 years.

{¶ 12} After considering the record, the statements, the victim impact statement, and the presentence investigation report, along with the statutory factors under R.C. 2929.11 and 2929.12, the trial court imposed a prison term of 54 months. As to costs, the trial court found the following:

> The Court has considered your present and future ability to pay, including your age, health, employment history, ability to work and education and finds that you may reasonably be expected to pay for all or a part of the applicable court costs and you are therefore ordered to pay the cost of Prosecution, confinement and supervision.

4.

In the trial court's written judgment entry, the trial court included the following:

> The Court has considered the defendant's present and future ability to pay and after considering all relevant factors, pursuant to R.C. 2941.51(D), finds that the defendant has, or may reasonably be expected to have, the means to pay for all or part of the applicable court costs and fees and is therefore ordered to pay the applicable costs of prosecution and supervision pursuant to R.C. 2947.23, 9.92(C), 2929.18(A), and 2951.021.

{¶ 13} Appellant filed a timely appeal of this judgment.

### III. Assignments of Error

{¶ 14} In challenging the judgment, appellant asserts the following assignments of error:

1. The trial court erred to the detriment of Appellant when he was ordered to pay costs of supervision, in addition to costs of prosecution, when he was sentenced to prison.

2. The trial court erred to the detriment of Appellant when he was ordered to pay costs of confinement, in addition to costs of prosecution, arguably without consideration of his emergent mental health condition(s) which required treatment while in custody, and arguably resulted in his competence to stand trial.

We address the assignments of error together.

### IV. Analysis

{¶ 15} Appellant challenges the imposition of costs of supervision, applicable to a community control sanction, because the trial court imposed a prison sentence. Appellant further challenges the imposition of costs of confinement, arguing the trial court failed to consider his ability to pay costs. The state concedes error only as to the costs of supervision, and argues the record supports the trial court's determination of appellant's ability to pay regarding the costs of confinement.

5.

{¶ 16} We review a trial court's imposition of costs under R.C. 2953.08(G)(2)(b), and will not reverse unless we find that imposition was contrary to law. (Citation omitted) *State v. Jordan,* 2021-Ohio-333, ¶ 7 (6th Dist.). Appellant does not challenge the imposition of costs of prosecution, as these costs are mandatory under R.C. 2947.23(A)(1)(a), regardless of a defendant's ability to pay. *State v. Patterson,* 2024-Ohio-2198, ¶ 11 (6th Dist.). Appellant's challenge is limited to the costs of supervision and confinement, which do require a finding regarding the ability to pay. *See State v. Velesquez,* 2023-Ohio-1100, ¶ 9 (6th Dist.), citing R.C. 2929.19(A)(5) ("If the court elects to impose discretionary costs, including the costs of supervision or confinement, it must affirmatively find that the defendant has or reasonably may be expected to have, the ability to pay.").

{¶ 17} As to the costs of supervision, the state concedes that imposition of these costs is error. We have previously determined that the imposition of "applicable" costs of supervision in a sentencing entry imposes no costs, as the costs of supervision do not apply where a prison term was imposed. *See Patterson* at ¶ 12, citing *State v. Eaton,* 2020-Ohio-3208, ¶ 33 (6th Dist.) ("The costs of supervision are not at issue in this case because a prison term was imposed."); R.C. 2929.18(A)(5)(a)(i). We therefore find appellant's first assignment of error well-taken and vacate the imposition of costs of supervision.

{¶ 18} Appellant next challenges the trial court's imposition of costs of confinement, arguing no support in the record for the trial court's finding that he had an

6.

ability to pay. In support, appellant cites his mental health condition and lack of a verified employment history. Appellant does not otherwise contest the trial court's consideration of discretionary costs and his ability to pay on the record, both at his sentencing hearing and in the judgment entry.

{¶ 19} Costs of confinement "must be conditioned upon appellant's ability to pay." *State v. Wymer,* 2019-Ohio-1563, ¶ 14 (6th Dist.), citing *State v. Seals,* 2018-Ohio-2028, ¶ 14 (6th Dist.). Thus, prior to imposing costs of confinement, a trial court "must affirmatively find the defendant has, or reasonably may be expected to have, the ability to pay." *State v. Burton,* 2023-Ohio-1596, ¶ 27 (6th Dist.), citing *State v. Ivey,* 2021-Ohio-2138, ¶ 7 (6th Dist.) (additional citation omitted.). A court need not make an explicit finding on the record regarding a defendant's ability to pay, but there must be clear and convincing evidence in the record to support this finding. *Burton* at ¶ 27, citing *Wymer* at ¶ 14; *State v. Taylor,* 2020-Ohio-6786, ¶ 2.

{¶ 20} Here, the trial court considered the statements made at the sentencing hearing, as well as information within the presentence investigation report, and made a finding on the record. The record supported the trial court's explicit finding; appellant was 34 years old and sentenced to only 54 months, his mental health condition was admittedly managed with medication, and he expressed a desire to work and finish his education to provide for his family. Furthermore, while appellant had no employment history reported to the trial court, his trial counsel noted that he was "by and large been a working person."

7.

**{¶ 21}** Considering the record, the trial court's finding of appellant's ability to pay the costs of confinement is supported by evidence in the record. We therefore find appellant's second assignment of error not well-taken.

### V. Conclusion

**{¶ 22}** Finding substantial justice has been done, we reverse, in part, and vacate the imposition of costs of supervision, and affirm in part, as to the remaining costs imposed in the judgment of the Lucas County Court of Common Pleas. Appellant and appellee are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br>
reversed, in part, and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                           _____
                                                              JUDGE

Gene A. Zmuda, J. 

                                                              _____
Myron C. Duhart, J.                          JUDGE
CONCUR.

                                                              _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.