[Cite as *State v. Kurth*, 2016-Ohio-7698.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Timothy Kurth

Appellant

Court of Appeals Nos. L-15-1238
L-15-1239

Trial Court Nos. CR0201402937
CR0201501788

**DECISION AND JUDGMENT**

Decided: November 10, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Maggie E. Koch, Assistant Prosecuting Attorney, for appellee.

Steven Casiere, for appellant.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** In this consolidated appeal, defendant-appellant, Timothy Kurth, appeals the

August 17, 2015 judgments of the Lucas County Court of Common Pleas.  For the

reasons that follow, we affirm, in part, and reverse, in part, and we remand the matter to

the trial court to make corrections to the judgment entries as described in this decision.

## I. Background

{¶ 2} On July 2, 2015, Timothy Kurth entered a plea of no contest to one count of burglary, a violation of R.C. 2911.12(A)(2), in Lucas County case No. CR0201402937 ("the 2014 case"). That charge, a second-degree felony, arose after he burglarized the home of his neighbor, B.T. That same day, Kurth also entered a plea of no contest to one count of breaking and entering, a violation of R.C. 2911.13(A), in Lucas County case No. CR0201501788 ("the 2015 case"). That charge, a fifth-degree felony, arose after he broke into a business, Brent Industries.

{¶ 3} The trial court held a sentencing hearing in both cases on August 13, 2015. Orally, the trial court announced a sentence of five years' imprisonment and restitution of $2,914.19 to the victim in the 2014 case, and 12 months' imprisonment and restitution of $186 to the victim in the 2015 case, with the prison terms to be served concurrently. At the sentencing hearing, the trial court imposed the costs of prosecution and supervision under R.C. 2947.231, but it found that Kurth was not reasonably expected to have the means to pay all or part of the applicable court-appointed counsel fees and the costs of confinement, and, therefore, waived those fees and costs.

{¶ 4} Kurth's sentences were memorialized in two separate judgment entries entered on August 17, 2015. Those entries accurately reflect the prison sentences imposed at the hearing, however, with respect to restitution and the imposition of costs and fees, the entries do not precisely mirror the sentences that were orally announced. Specifically, the judgment entry in the 2014 case orders restitution to *both* victims; the

2.

entry in the 2015 case is silent as to restitution. Additionally, the entry in the 2014 case

states "Defendant found to have, or reasonably may be expected to have, the means to

pay all or part of the applicable costs of supervision, confinement, and prosecution as

authorized by law," but then goes on to say "The Court finds the defendant lacks

financial resources that are sufficient to pay the fee and/or payment of the fee would

result in undue hardship and WAIVES the $25 fee for Assigned Counsel pursuant to R.C.

120.36 and costs of confinement." While the entry in the 2015 case includes the first

statement, it omits the waiver language contained in the 2014 case.

{¶ 5} Kurth timely appealed both entries and assigns the following errors for our

review.

1. The trial court erred when it ordered Appellant to pay restitution
in the 2014 case.

2. The trial court erred by ordering Appellant to pay costs for
confinement and assigned counsel fees in the 2015 case.

3. The trial court abused its discretion in sentencing Appellant to the
maximum prison term in the 2015 case.

## II. Law and Analysis

{¶ 6} In his first assignment of error, Kurth argues that the trial court erred in

imposing restitution without considering his ability to pay. In his second assignment of

error, he argues that the trial court erred in imposing the costs of confinement and counsel

3.

fees. And in his third assignment of error, he argues that the trial court erred in imposing the maximum prison sentence in the 2015 case.

## A. Restitution

{¶ 7} Kurth makes two arguments concerning the trial court's imposition of restitution. First, he argues that the trial court neglected to consider his ability to pay. Second, he argues that because restitution may be imposed only for the conduct for which a defendant was convicted, it was improper to impose restitution to Brent Industries in the 2014 case.

{¶ 8} The state argues that Kurth may not properly challenge the restitution order because Kurth agreed to an order of restitution as part of his plea agreement. It explains that this agreement was placed on the record and was included in the plea form, and that Kurth was specifically asked if he challenged the restitution order, and he responded that he did not. The state also explains that the trial court made a clerical error in placing the restitution order to Brent Industries in the judgment entry in the 2014 case instead of placing it in the entry in the 2015 case. It maintains that this error may be corrected by the trial court without a further hearing. We agree with the state.

{¶ 9} Under R.C. 2929.18(A)(1), the court may impose "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." The court "may hold a hearing if necessary to determine whether the offender

4.

is able to pay the sanction or is likely in the future to be able to pay it." R.C. 2929.18(E). We have held, however, that a court does not err in imposing restitution where the offender agrees to make restitution as part of a plea agreement and stipulates to the amount of that restitution. *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, 1061, 2016-Ohio-1571, ¶ 8. That is what happened here.

{¶ 10} The plea form signed by Kurth indicates that restitution may be imposed. Before Kurth entered his plea, the state indicated on the record that "there is a restitution amount on the breaking and entering, it is $186 dollars I do believe, to be paid to Brent Industries. As to the other burglary, there is restitution, but we would just have that determined through probation." Kurth entered his pleas knowing this. At sentencing, the court began by stating, "Restitution, I have $2,914.19 for [B.T.], $186 dollars to Brent Industries; do you challenge that?" Defense counsel responded on Kurth's behalf, "No, sir." No additional inquiry as to the amount of restitution or Kurth's ability to pay was required.

{¶ 11} We do find, however, that the restitution owed to Brent Industries should have been reflected in the judgment entry for the 2015 case—not the 2014 case. As the state suggests, this can be accomplished by a nunc pro tunc entry without the need for an additional hearing.

{¶ 12} We, therefore, find Kurth's first assignment of error not well-taken insofar as he challenges the imposition of restitution, in general. We do, however, remand the case to the trial court for a nunc pro tunc entry correcting its error in placing the

5.

restitution to Brent Industries in the judgment entry in the 2014 case instead of in the judgment entry for the 2015 case.

## B. Costs of Confinement and Counsel Fees

{¶ 13} In his second assignment of error, Kurth argues that the trial court erred in imposing the costs of confinement and assigned counsel fees in the 2015 case. The state agrees with Kurth that the trial court waived these fees and costs, and contends that the judgment entry in the 2015 case can be corrected by the trial court in a nunc pro tunc order.

{¶ 14} It is clear from the transcript of the sentencing hearing that the court intended to waive these costs and fees and it properly did so in the judgment entry in the 2014 case. We agree that this can be corrected by the trial court in a nunc pro tunc order. We, therefore, find Kurth's second assignment of error well-taken, and we remand the matter to the trial court for correction of this error in the judgment entry in the 2015 case.

## C. Maximum Prison Sentence

{¶ 15} In his third assignment of error, Kurth argues that the trial court abused its discretion in imposing a maximum sentence in the 2015 case. While he acknowledges that the sentence is within the applicable range set forth in R.C. 2929.14(A)(5), he contends that there is no indication in the record that the crime was unusually severe. He also points out that the trial court recognized that Kurth's criminal activity resulted from drug abuse issues.

6.

**{¶ 16}** The state counters that Kurth has a history of felony convictions and was awaiting sentencing for second-degree burglary at the time of sentencing in the 2015 case, thus a prison sentence was warranted. It also observes that the trial court gave careful and substantial consideration to the appropriate statutory provisions when it imposed Kurth's sentence. In doing so, the court took note of the numerous times that Kurth was incarcerated, and his history of reoffending after being released.

**{¶ 17}** Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

**{¶ 18}** The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provided guidance to reviewing courts in determining whether a sentence is contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15. In *Kalish*, the court determined that the sentence at issue was not contrary to law where the trial court considered the R.C. 2929.11 purposes and principles of sentencing, considered the R.C. 2929.12 seriousness and recidivism

7.

factors, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.*

{¶ 19} Here, the court properly considered R.C. 2929.13(B); the remaining statutory provisions referenced in R.C. 2953.08(G)(2)(a) are not at issue. R.C. 2929.13(B)(1)(a) provides that community control shall be imposed if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 20} Subsections (i) and (ii) are not met, thus community control was not required. In addition, under R.C. 2929.13(B)(1)(b)(x) and (xi), the trial court has

8.

discretion to impose a prison sentence for a fourth or fifth-degree felony if, among other things, "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term," or "[t]he offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." Both of these subsections were applicable to Kurth.

{¶ 21} Turning to R.C. 2953.08(G)(2)(b), the trial court imposed a sentence within the statutory range, explicitly considered R.C. 2929.11 and 2929.12, and properly imposed postrelease control. Before imposing Kurth's sentence, the court explained:

> And the issue, [Kurth has] been to the State penitentiary I believe eight times—not eight—he's been convicted eight times, been to the penitentiary several times, and actually started the first time back in 1996 for a B and E, and the probation was revoked and sent to prison; '99, failure to comply, felony four; and receiving stolen property, felony four, sent to ODRC; 2001, failure to comply, felony three, ODRC; 2005, aggravated assault, felony four; and failure to comply, felony three, ODRC.
>
> And each time he gets out, he starts doing the same thing that leads him to prison the last time. I don't know as we stand here today that he's ready for the change that's necessary to become—I almost used the term productive citizen.

{¶ 22} We find that the trial court carefully considered Kurth's sentence and examined all required factors. It provided a well-reasoned explanation for the sentence it

imposed. We find no error in its decision to impose the maximum prison term in the 2015 case, and we observe that the court declined to impose consecutive sentences despite recognizing that it had the discretion to do so.

{¶ 23} We find Kurth's third assignment of error not well-taken.

### III. Conclusion

{¶ 24} We find Kurth's third assignment of error not well-taken. With respect to his first assignment of error, we find it not well-taken insofar as the trial court properly imposed restitution, but we remand the matter to the trial court so that it can correct the judgment entries to omit reference to restitution to Brent Industries in the judgment entry in the 2014 case, and include it instead in the judgment entry in the 2015 case. Concerning Kurth's second assignment of error, we find Kurth's assignment of error well-taken and we remand the matter to the trial court so that it can correct the judgment entry in the 2015 case to make clear that costs of confinement and assigned counsel fees were waived as orally announced at the sentencing hearing. Kurth and the state shall share in the costs of this appeal under App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE
Arlene Singer, J.

                                            _____
James D. Jensen, P.J.                                     JUDGE
CONCUR.

                                            _____
                                                          JUDGE