[Cite as *State v. Jordan*, 2021-Ohio-333.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-19-1165

      Appellee                                 Trial Court No. CR0201703129

v.

Jerome Jordan                                    **DECISION AND JUDGMENT**

      Appellant                                Decided:  February 5, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Jerome Jordan, appeals the August 10, 2018 judgment of the

Lucas County Court of Common Pleas.  As part of his sentence following his conviction

on six counts of robbery, Jordan was ordered to pay restitution to his victims and to pay

all associated costs.  For the reasons that follow, we affirm, in part, and reverse, in part,

the trial court's judgment.

# I. Background

{¶ 2} On December 11, 2017, Jordan was indicted on 11 counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), each a fifth-degree felony. Jordan appeared for his arraignment on December 20, 2017. He was appointed counsel and entered a not guilty plea to all counts.

{¶ 3} On July 11, 2018, Jordan appeared for a change of plea hearing. Through an agreement with the state, Jordan entered a guilty plea pursuant *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to six counts of robbery in violation of R.C. 2911.02(A)(2) and (B). Jordan also agreed to "pay restitution in an amount to be determined through the pre-sentence investigation." In exchange, the state agreed to request dismissal of the remaining five counts, and the state also agreed that it would not make a sentencing recommendation. The trial court accepted Jordan's plea and ordered him to participate in a presentencing investigation.

{¶ 4} On August 8, 2018, the trial court sentenced Jordan to a three-year prison term on each of the first four counts of robbery and to a two-year prison term on the two remaining counts. The trial court ordered him to serve all prison terms consecutively for an aggregate prison term of 16 years. The trial court also ordered Jordan to pay a total of $4,961.05 in restitution to the victims, and to pay "the cost of prosecution." The trial court dismissed the remaining counts at the state's request and its judgment entry was journalized the following day. Jordan failed to file an appeal within thirty days of the judgment as required by App.R. 4(A)(1).

2.

{¶ 5} On August 5, 2019, Jordan filed a motion for delayed appeal pursuant to App.R. 5(A) alleging that his trial counsel failed to timely file an appeal as he requested. Jordan also filed an affidavit of indigency and requested appointment of counsel. The state opposed Jordan's motion on August 13, 2019. We granted Jordan's motion on November 19, 2019, appointed him counsel, and directed him to file an amended notice of appeal, praecipe, and docketing statement to conform with App.R. 3. Jordan filed his amended notice of appeal, docketing statement, and praecipe on November 19, 2019. He asserts the following errors for our review:

1. The trial court abused its discretion when it ordered restitution at sentencing without considering appellant's ability to pay, pursuant to R.C. 2929.19(B)(5).

2. The trial court abused its discretion when it found appellant had, or reasonably was expected to have, the ability to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution in the judgment entry, but failed to impose such costs at sentencing, without finding that appellant had the ability to pay.

## II. Law and Analysis

### A. Appellant waived review of the trial court's order to pay restitution

{¶ 6} In his first assignment of error, Jordan argues that the trial court abused its discretion when it failed to consider his ability to pay before it ordered him to pay a total of $4,961.05 in restitution to the robbery victims.

3.

{¶ 7} We begin by clarifying that "the proper standard of review for analyzing the imposition of restitution as part of a felony sentence is whether the sentence complies with R.C. 2953.08(G)(2)(b)." *State v. Young*, 6th Dist. Lucas No. L-19-1189, 2020-Ohio-4943, ¶ 11, citing *State v. Collins*, 2015-Ohio-3710, 41 N.E.3d 899, ¶ 31 (12th Dist.). "This means that 'in reviewing the order for restitution, we must determine whether the restitution imposed was contrary to law rather than reviewing for an abuse of discretion.'" *Id.*, citing *State v. Cantrill*, 6th Dist. Lucas No. L-18-1047, 2020-Ohio-1235, ¶ 87. We, therefore, review Jordan's first assignment of error under this standard rather than under the abuse of discretion standard identified in his assignment of error.

{¶ 8} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate a victim for economic loss. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 20. Before ordering restitution, the trial court must first determine whether the offender has a present or future ability to pay the amount determined as appropriate. *State v. Bey*, 2019-Ohio-423, 130 N.E.3d 1031, ¶ 43 (6th Dist.). There is, however, an exception to this requirement when the defendant agrees to pay restitution as "part and parcel of a plea agreement." *State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 22. In that instance, "there is no reversible error in imposing [restitution], without first determining the defendant's ability to pay." *Id.* Moreover, a defendant that agrees to pay restitution as part of their plea agreement "waives the issue of whether he or she will be able in the future to pay the amount agreed upon." *Id.*

4.

{¶ 9} Here, Jordan argues that the trial court's failure to consider his ability to pay restitution was nonetheless reversible error because, although he may have agreed to pay restitution in the plea agreement, the amount of restitution was not specified at the time of his plea. That is, Jordan agreed to pay "restitution in an amount to be determined through the pre-sentence investigation" as part of his plea agreement.

{¶ 10} But, Jordan is not challenging the *amount* of restitution that the trial court imposed. Rather, he is challenging the trial court's imposition of *any* restitution without first considering his ability to pay that restitution. In *Coburn*, we stated "[u]nlike the *amount* of restitution, which we previously determined was improperly imposed, the overall agreement to pay some sort of restitution at all was included in and considered by appellant before entering his plea. * * * Therefore, we conclude the trial court did not err in accepting appellant's plea agreement to pay restitution to the victim without determining his ability to pay." *Coburn* at ¶ 23 (emphasis sic), *see also State v. Kurth*, 6th Dist. Lucas Nos. L-15-1238, L-15-1239, 2016-Ohio-7698, ¶ 10-12 (holding that the trial court's failure to consider a defendant's ability to pay an amount of restitution unknown at the time of their plea but ascertained and imposed at the sentencing hearing without objection was not error). Accordingly, a defendant that agrees to pay restitution in a plea agreement cannot challenge, on appeal, the trial court's failure to consider his or her ability to pay before imposing restitution—even if the actual amount of restitution was not specified in the plea agreement.

5.

{¶ 11} Given that Jordan agreed to pay restitution in his plea agreement, he has waived his ability to challenge the trial court's failure to consider his ability to pay restitution. We therefore find his first assignment of error not well-taken.

### B. The trial court improperly imposed the costs of confinement and assigned counsel fees.

{¶ 12} In his second assignment of error, Jordan argues that the trial court abused its discretion by imposing the costs of confinement, attorney fees, and costs of prosecution in its judgment entry without making such findings at sentencing or considering his current or future ability to pay such costs.

{¶ 13} As an initial matter, appellant cites the incorrect standard of review. We review the imposition of court costs under R.C 2953.08(G)(2), not for abuse of discretion. *See State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, ¶ 5.

{¶ 14} At the sentencing hearing, the trial court ordered Jordan to pay "the costs of prosecution" but did not reference the costs of confinement, attorney fees, or costs of prosecution. In its sentencing entry, however, the trial court stated that it found Jordan "to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision,[1] confinement, assigned counsel, and prosecution as

---

[1] Although the trial court included costs of "supervision" in its judgment entry, such costs are not at issue in this case because Jordan was sentenced to prison, not community control. *See State v. Eaton*, 6th Dist. Lucas No. L-18-1183, 2020-Ohio-3208, ¶ 33; R.C. 2929.18(A)(5)(a)(i) (permitting a trial court to order reimbursement of costs incurred by the government for "all or part of the costs of implementing any community control sanction, including a supervision fee.")

6.

authorized by law." As a result, Jordan was "ordered to reimburse the State of Ohio and Lucas County for such costs[.]"

{¶ 15} We must first consider whether the costs imposed are mandatory or discretionary. *Id.* at ¶ 24. With regard to the costs of prosecution, R.C. 2947.23(A)(1)(a) provides that the trial court shall render against a convicted defendant a judgment for the costs of prosecution without consideration of whether the defendant has the ability to pay such costs. *State v. Rhoda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. Given that the trial court was required to impose the costs of prosecution—without any regard to Jordan's ability to pay—the trial court's imposition of these costs was not error.

{¶ 16} The costs of confinement and assigned counsel, however, are not mandatory and "are premised on a finding of a defendant's present or future ability to pay." *State v. Seals*, 6th Dist. Lucas No. L-17-1177, 2018-Ohio-2028, ¶ 14, citing *State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 24. To impose these costs, the trial court must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay. *State v. Grey*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 21. Such a finding need not be made at a formal hearing, but the record must contain some evidence that the court considered the defendant's ability to pay." *Seals at ¶ 14*, citing *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13. When the record on appeal contains no evidence reflecting the trial court's consideration of present or future ability to pay these costs—such as consideration of

7.

defendant's age, health, employment history, or level of education—the imposition of these costs is improper and must be vacated. *State v. Stovall*, 6th Dist. Lucas No. L-18-1048, 2019-Ohio-4287, ¶ 37.

{¶ 17} Here, the trial court did not make any finding regarding Jordan's ability to pay the costs of confinement and assigned counsel at his sentencing hearing. Further, the trial court failed to address any evidence of Jordan's ability to pay these costs during the underlying proceedings. Therefore, Jordan's second assignment of error is found well-taken, in part, and we vacate the award of costs of confinement and assigned counsel.

### III. Conclusion

{¶ 18} We find Jordan's first assignment of error not well-taken. We find Jordan's second assignment of error not well-taken as to the trial court's imposition of the mandatory costs of prosecution. We find Jordan's second assignment of error well-taken as to the non-mandatory costs of confinement and appointed counsel. We therefore vacate the trial court's award of these non-mandatory costs. The mandatory costs of prosecution are not vacated by this decision. We affirm the remainder of the August 10, 2018 judgment of the Lucas County Court of Common Pleas. Jordan and the state are ordered to share the costs of this appeal pursuant to App.R.24.

Judgment affirmed, in part,
and reversed, in part.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.