[Cite as *State v. Brown*, 2024-Ohio-2004.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29810 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 03649 |
| | : | |
| ANTHONY L. BROWN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 24, 2024

. . . . . . . . . . .

MICHAEL HALLOCK, JR., Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Anthony L. Brown appeals his conviction of several offenses in the Montgomery County Common Pleas Court. For the following reasons, we will affirm the judgment of the trial court.

## I. Procedural History and Brief Statement of Facts

{¶ 2} On December 30, 2022, Brown was indicted by a Montgomery County grand

jury on one count of failure to comply with an order or signal of a police officer (serious physical harm/substantial risk), in violation of R.C. 2921.331(B) and (C)(5), a felony of the third degree (Count I); one count of grand theft (motor vehicle), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree (Count II); one count of vandalism (business & $1,000 or more), in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree (Count III); one count of vandalism (business – regardless of value), in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree (Count IV); one count of vandalism (government property), in violation of R.C. 2909.05(B)(2), a felony of the fifth degree (Count V); and one count of obstructing official business, in violation of R.C. 2921.31(A), a felony of the fifth degree (Count VI).

{¶ 3} The presentence investigation report ("PSI") reflected that Brown's charges occurred as a result of events that transpired on December 24, 2022. One of the mothers of Brown's children reported to police that she had received threats from Brown and, when he showed up in person, he chased after her. When officers responded, Brown fled the area and ran onto Interstate 75, where he ran across the lanes of traffic and almost caused several accidents.

{¶ 4} As Brown continued to flee into a hotel parking lot, he stole a truck and then crashed it into multiple police cruisers in his attempt to elude the officers. Eventually, officers were able to trap his vehicle and tackle him to the ground when he tried to flee again on foot.

{¶ 5} On April 13, 2023, Brown entered negotiated no contest pleas to Counts I, II, and III in exchange for the State dismissal of the remaining charges. The State indicated

it would defer to the trial court for sentencing but would seek restitution. Following his pleas, the trial court found Brown guilty, ordered that a PSI be completed, and scheduled sentencing for April 27, 2023.

{¶ 6} At sentencing, the trial court imposed prison terms of 36 months for Count I, 18 months for Count II, and 12 months for Count III. Count I was ordered to be served consecutively to Counts II and III, which were ordered to be served concurrently to one another, for an aggregate term of 54 months in prison. Brown was ordered to pay court costs as well as restitution in the amount of $7,807.55 to Butler Township for repairs to the police cruisers. The trial court also imposed a 10-year driver's license suspension. Brown did not request a restitution hearing or object to restitution at the time of sentencing.

{¶ 7} Brown filed a motion for a delayed appeal, which we granted, and now raises one assignment of error.

## II. Assignment of Error

{¶ 8} In his sole assignment of error, Brown argues that the trial court committed plain error in imposing a financial sanction without considering Brown's present and future ability to pay. Brown acknowledges that where a trial court does not make an explicit finding on the record at the time of sentencing regarding a defendant's present or future ability to pay, the court's consideration of the issue may be inferred from the record under appropriate circumstances. However, Brown contends that in this case, given the information contained within the record, it does not demonstrate that the trial court considered his present or future ability to pay restitution.

{¶ 9} Brown concedes that appellate review of this matter is limited to noticing plain error given that he did not raise an objection to the trial court's alleged failure. "A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." (Citation omitted.) *State v. Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112, ¶ 88 (2d Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Accordingly, we will review his argument for plain error.

### a. Applicable Law

{¶ 10} R.C. 2929.18(A)(1) provides that at the time of sentencing, a trial court may impose financial sanctions, including an amount of restitution, upon a defendant's conviction for a felony. R.C. 2929.19(B)(5) requires the trial court to "consider the offender's present and future ability to pay" before imposing restitution as a financial sanction under R.C. 2929.18. The statute, however, "establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination." (Citation omitted.) *State v. Philbeck*, 2d Dist. Montgomery Nos. 26466 & 26467, 2015-Ohio-3375, ¶ 27. "Moreover, although preferable, there is no requirement that the trial court state on the record that it affirmatively considered the defendant's present and future ability to pay a financial sanction at the time of sentencing." *State v. Petticrew*, 2d Dist. Clark No. 2022-CA-29, 2023-Ohio-159, ¶ 19, citing *State v. Parker*, 2d Dist. Champaign No. 2003-CA-17, 2004-Ohio-1313, ¶ 42.

**{¶ 11}** "Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *Parker* at ¶ 42. "The trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work history." (Citation omitted.) *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4.

**{¶ 12}** Generally, a trial court's imposition of restitution is reviewed on appeal for an abuse of discretion. *State v. Wilson*, 2d Dist. Montgomery No. 26488, 2015-Ohio-3167, ¶ 11. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." *AAAA Ents., Inc. v. River Place Community Corp*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

#### b. Analysis

**{¶ 13}** Brown claims that the present case is analogous to *State v. Frock*, 2d Dist. Clark No. 2004-CA-76, 2007-Ohio-1026, wherein we held that the trial court erred in ordering Frock to pay $17,029 in restitution where the record failed to demonstrate that the court considered Frock's present or future ability to pay restitution. *Id.* at ¶ 9. Like the present case, the trial court in *Frock* made no direct inquiry into Frock's present or future ability to pay restitution during the sentencing hearing but advised that it had considered Frock's PSI. *Id.* at ¶ 8. The PSI revealed that Frock was 21 years old, had

completed the eleventh grade while in prison, and had been diagnosed as bipolar and paranoid schizophrenic. *Id.* Additionally, the PSI noted that Frock was a substance abuser with an extensive criminal history that resulted in several juvenile and adult confinements. *Id.* Although the PSI indicated that Frock was sporadically employed as a laborer for his grandfather's painting business, where he was paid "under the table," we concluded that, given his lengthy prison sentence of 19.5 years and the discouraging information about Frock in the PSI, the record "failed to demonstrate that the court considered Frock's present or future ability to pay restitution." *Id.* at ¶ 8–9.

{¶ 14} As in *Frock*, we agree with Brown that the trial court did not explicitly find at the time of sentencing that Brown had a present or future ability to pay the restitution amount imposed. But we disagree with him in determining whether the record demonstrates that the trial court considered Brown's present or future ability to pay restitution.

{¶ 15} The record reflects that the trial court reviewed the PSI, Brown's sentencing memorandum, and the statements of the parties prior to imposing sentence. Although not part of the record, the trial court indicated it had also reviewed video of the incident that was the basis for the felony charges. At the time of sentencing, Brown was 33 years old. Based on the 4.5-year prison term and the 127 days of jail time credit Brown had accrued, he was expected to be released from prison when he was 37 years old. Brown stated that he left high school in eleventh grade and had previously informed the probation department that he obtained a GED, although his sentencing memorandum indicated that he had not yet received a GED. Although Brown used illegal substances, had a lengthy

criminal record, and had been to prison before as an adult, according to the PSI, Brown worked from "time to time" in construction and rehabbing houses. Brown's sentencing memorandum stated that he had worked sporadically at minimum wage jobs, and prior to his arrest he had worked for a power wash company. Brown also stated that he worked in 2020 for a community organizational company that helped with voter registration. Thus, even with his history of substance abuse and criminal record, Brown had been able to successfully work while he was out of prison.

{¶ 16} The PSI further indicated that Brown had no financial obligations. Although he had four children, all of his children were in the care and custody of their mothers, and Brown had no open or pending child support cases for which he owed money. We acknowledge that both Brown's memorandum and the PSI reflected that he had some mental health issues, including bi-polar disorder, post-traumatic stress disorder, and depression. Nevertheless, the PSI indicated Brown was in "fairly good health," and there was nothing in the PSI indicating that Brown would be unable to work upon release from his relatively short prison term.

{¶ 17} Based on this record, the trial court had adequate information from which to evaluate Brown's present and future ability to pay, and we can infer that the trial court fulfilled its duty to consider Brown's present and future ability to pay the restitution. Accordingly, the trial court did not abuse its discretion, or commit plain error, in ordering Brown to pay the restitution as ordered.

{¶ 18} Brown's sole assignment of error is overruled.

III. Conclusion

{¶ 19} Having overruled Brown's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and WELBAUM, J., concur.