[Cite as *State v. Benjamin*, 2025-Ohio-5544.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-14 |
| Appellee | : | |
| | : | Trial Court Case No. 2023CR0338 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| TION M. BENJAMIN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

COLIN P. COCHRAN, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Tion Benjamin appeals from his conviction for theft following his guilty plea, arguing that the trial court erred in imposing restitution in the amount of $1,655.00. First, he contends that the trial court erred by failing to adequately consider his present and future ability to pay restitution as required under R.C. 2929.19(B)(5). However, not only did the record demonstrate that the trial court considered Benjamin's present and future ability to pay but also Benjamin waived the issue of his ability to pay when he agreed to pay restitution as part of his plea agreement. Second, he argues that he received ineffective assistance of counsel for his counsel's failure to object to the restitution order, but any objection would have been meritless. For the reasons outlined below, we affirm the judgment of the trial court.

## I.     Background Facts and Procedural History

{¶ 2} In June 2023, Benjamin was indicted for one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The charge stemmed from an incident at DICK's Sporting Goods during which he stole several pieces of merchandise.

{¶ 3} In December 2024, Benjamin pleaded guilty to the theft charge and agreed to pay restitution in the amount of $1,655.00 in exchange for the State's agreement not to oppose the imposition of community control sanctions at final disposition.

{¶ 4} During Benjamin's sentencing hearing, the trial court stated that it had considered the record, oral statements, and presentence investigation report prior to

sentencing him. The court further stated that it had considered Benjamin's present and future ability to pay financial sanctions, found that he had the ability to pay those sanctions, and ordered him to pay $1,655.00 in restitution. Benjamin's counsel did not object to the trial court's restitution order.

{¶ 5} Benjamin appealed from the trial court's restitution order and his counsel's failure to object to the same.

## II. Assignments of Error

{¶ 6} In his first assignment of error, Benjamin contends that the trial court erred in failing to adequately consider his present and future ability to pay restitution as required under R.C. 2929.19(B)(5). According to Benjamin, the trial court must state on the record and in the sentencing entry the facts upon which it relies in determining that a defendant has the present and future ability to pay restitution. We disagree.

{¶ 7} In general, "a trial court's imposition of restitution is reviewed on appeal for an abuse of discretion." *State v. Brown*, 2024-Ohio-2004, ¶ 12 (2d Dist.), citing *State v. Wilson*, 2015-Ohio-3167, ¶ 11 (2d Dist.). However, "a defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Twitty*, 2011-Ohio-4725, ¶ 26 (2d Dist.), citing *State v. Ratliff,* 2011-Ohio-2313, ¶ 14 (2d Dist.). Since Benjamin did not raise any objections before the trial court as to the restitution order, we will apply the plain error standard of review.

{¶ 8} Plain error arises only when "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus. "In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights." *State v. Mobley*, 2016-Ohio-4579, ¶ 30 (2d Dist.), citing *State v. Norris,* 2015-Ohio-624, ¶ 22 (2d Dist.), and

Crim.R. 52(B). "[E]ven if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it." *Id.*, citing *State v. Rogers,* 2015-Ohio-2459, ¶ 23. Plain error should be noticed "with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice." (Emphasis added in *Rogers.*) *Id.*, citing *Rogers* at ¶ 23, quoting *Long,* paragraph three of the syllabus.

{¶ 9} Under R.C. 2929.18(A), a trial court may order restitution "by the offender to the victim of the offender's criminal offense or the victim's estate, in an amount based on the victim's economic loss." "Economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense" and includes "[f]ull or partial payment for the value of stolen or damaged property." R.C. 2929.01(L); R.C. 2929.281(A)(1). "The value of stolen or damaged property shall be the replacement cost of the property or the actual cost of repairing the property when repair is possible." R.C. 2929.281(A)(1). "The amount of restitution may be based on 'an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information.'" *State v. Leach*, 2017-Ohio-8420, ¶ 7 (2d Dist.), quoting *State v. Lalain*, 2013-Ohio-3093, ¶ 3.

{¶ 10} When sentencing a defendant for a felony offense, the trial court shall consider the offender's present and future ability to pay the amount of the sanction or fine before imposing the same. R.C. 2929.19(B)(5). "There are no factors identified in the statute that a trial court must consider when determining the offender's present and future ability to pay." *State v. T.O.*, 2025-Ohio-15, ¶ 13 (2d Dist.), citing *State v. Philbeck*, 2015-Ohio-3375, ¶ 27 (2d Dist.). The trial court is not even required to state on the record that it considered an offender's present and future ability to pay "so long as there is evidence in the record from

4

which a reviewing court can infer that the trial court considered the offender's present and future ability to pay prior to imposing restitution." *Id.*, citing *State v. Hull*, 2017-Ohio-7934, ¶ 9-10 (2d Dist.). If the trial court fails to make an explicit finding regarding a defendant's ability to pay, the trial court's consideration of the issue may be "'inferred from the record under appropriate circumstances.'" *State v. Conley*, 2015-Ohio-2553, ¶ 49 (2d Dist.), quoting *State v. Parker*, 2004-Ohio-1313, ¶ 42 (2d Dist.).

{¶ 11} Furthermore, when a defendant agrees to pay restitution as part of a plea agreement, the trial court does not commit reversible error in imposing restitution even if the court does not first determine the defendant's ability to pay. *State v. Jordan*, 2021-Ohio-333, ¶ 8 (6th Dist.), citing *State v. Coburn*, 2010-Ohio-692, ¶ 22 (6th Dist.). In other words, a defendant who agrees to pay restitution as part of his plea agreement "'waives the issue of whether he or she will be able in the future to pay the amount agreed upon.'" *Id.,* quoting *Coburn* at ¶ *22.* This is also true "even if the actual amount of restitution was not specified in the plea agreement." *Jordan* at ¶ 10.

{¶ 12} In this case, Benjamin was 27 years old at the time of sentencing. Although he was unemployed, he had graduated from high school and had pursued studies in HVAC at Access Ohio Trade School and received a certification. In his presentence investigation report, the Adult Probation Department opined that Benjamin had the ability to pay all financial sanctions. During sentencing, the trial court stated that it had considered the record, oral statements, and presentence investigation report prior to sentencing him. The court further stated that it had considered his present and future ability to pay financial sanctions, found that he had the ability to pay those sanctions, and ordered him to pay $1,655.00 in restitution. These factors were enough to demonstrate the trial court's consideration of Benjamin's present and future ability to pay the restitution amount.

5

{¶ 13} Moreover, as part of his plea agreement, Benjamin agreed to pay restitution in the amount of $1,655.00 (the exact amount ordered by the trial court) in exchange for the State's agreement not to oppose the imposition of community control sanctions at final disposition. By agreeing to pay restitution, Benjamin waived the issue on appeal of whether he had the ability to pay.

{¶ 14} Under these circumstances, we cannot say the trial court committed plain error affecting the outcome of the proceeding nor that there was any error affecting Benjamin's substantial rights. Benjamin's first assignment of error is overruled.

{¶ 15} In his second assignment of error, Benjamin argues that he received ineffective assistance of counsel because his trial counsel did not challenge the court's imposition of restitution.

{¶ 16} We review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Leonard*, 2017-Ohio-8421, ¶ 10 (2d Dist.), citing *Strickland* at 688. "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." (Citations omitted.) *Id.* at ¶ 11.

{¶ 17} For the same reasons set forth above associated with his first assignment of error, Benjamin has not demonstrated that his counsel's representation of him was not within the range of competence demanded of attorneys in criminal cases and that his counsel's

conduct fell below an objective standard of reasonableness. Not only did the trial court properly consider Benjamin's ability to pay the restitution amount but also Benjamin waived the issue of his ability to pay when he agreed to pay restitution as part of his plea agreement. Thus, any objection by trial counsel regarding the restitution order would have been meritless.

**{¶ 18}** Accordingly, Benjamin has not demonstrated that any alleged errors by counsel were serious enough to create a reasonable probability that, but for the errors, the outcome of his case would have been different. Thus, we conclude that Benjamin has not shown that he did not receive effective assistance of counsel. His second assignment of error is overruled.

### III. Conclusion

**{¶ 19}** Having overruled Benjamin's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.

7